# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:10-cr-00236-GMN-PAL |
| Plaintiff, | |
| vs. | **ORDER** |
| JABARI L. MARSHALL, | |
| Defendant. | |

This matter is before the undersigned on Defendant Jabari L. Marshall's Motion to Amend Conditions of Release (#220), filed October 25, 2012; the Government's Response (#221), filed November 7, 2012; Defendant's Reply (#225), filed November 19, 2012; and Defendant's Supplement (#250), filed March 25, 2013.

Defendant's motion (#220) is characterized as an appeal of the detention order entered by the undersigned Magistrate Judge made pursuant to 18 U.S.C. § 3145(a)(2). Prior to filing this motion, Defendant had previously appealed the detention order without success to Judge Navarro. *See* Mins. of Proceedings (#148) (denying Defendant's motion to amend or revoke detention). Defendant appealed that decision to the Ninth Circuit. *See* Notice of Appeal (#150). The Ninth Circuit confirmed the decision finding that "the government has met its burden of showing, by a preponderance of the evidence that 'no condition or combination of conditions will reasonably assure the [defendant'] appearance," 18 U.S.C. § 3142(e), and that appellant therefore poses a risk of flight." *See* Order of USCA (#184). Thus, the motion (#220) cannot be an appeal because the appeal of the detention order has already been heard and upheld all the way to the Ninth Circuit.

In his motion, Defendant requests modification of the "terms of his Pre-Trial Release" so that he is placed in "residential confinement." The justification for the request is that because

Defendant is incarcerated in Pahrump, Nevada visitation and consultation with his attorney is difficult. Based on that difficulty, Defendant seeks the modification so that his counsel may provide effective assistance in preparing for trial.[1] Based on the nature of the request, it appears Defendant is not seeking a second appeal of his detention order but, actually, temporary release under 18 U.S.C. § 3142(i). To that end, Defendant recently filed a supplement to his motion. *See* Suppl. (#250). The supplement requests that the undersigned reopen the detention hearing pursuant to 18 U.S.C. § 3142(f) and permit Defendant to be placed in a half-way house and only permitted to leave for "consultation with counsel, examination of discovery material, and whatever other exceptions the Court sees fit to grant."

Defendant has been detained pending trial after the undersigned found that he is a danger to the community and risk of flight. Defendant now requests that detention hearing be reopened pursuant to 18 U.S.C. § 3142(f), asserting that it is necessary to allow him to prepare for his defense. Pursuant to section 3142(f), the court may reopen a detention hearing at any time prior to trial if:

> the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Courts interpret this provision strictly. *E.g.*, *United States v. Ward*, 63 F.Supp.2d 1203, 1206-07 (C.D. Cal. 1999); *United States v. Dillon*, 938 F/2d 1412, 1415 (1st Cir. 1991).[2] The rule requires that the movant, whether prosecutor or defendant, establish: (1) that information now exists that was not known to the movant at the time of the initial detention hearing, and (2) the new information is material to release conditions regarding flight or dangerousness. *See United States v.*

---

[1] At the time Defendant's motion (#220) was filed, trial was set for March 26, 2013. It has subsequently been continued to September 10, 2013.

[2] The rationale for the rule is discussed in *United States v. Flores*, 856 F.Supp. 1400 (E.D. Cal. 1994). "There are very few proceedings in federal practice which encourage a party to be less than diligent in bringing forth all material evidence the first time a hearing is held . . . . [a] rule that would not discourage a party for failing to acquire readily available evidence for presentation the first time is a rule that encourages piecemeal presentations. Judicial efficiency is not served by such a practice." *Flores*, 856 F.Supp at 1406.

*Bowens*, 2007 WL 2220501 (D. Ariz.) (citing *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989)). Generally, once a detention hearing is reopened, "it is reopened for the purpose of the court's receiving any information, within reason, not submitted at the original detention hearing." *United States v. Barksdale*, 2008 WL 2620380, n. 3 (E.D. Cal.). This allows new information to be considered in context. *Id*.

The undersigned has reviewed the motion and concludes that it is not properly brought as a motion under section 3142(f). Defendant has presented no new information that would warrant reopening the detention hearing. This is really a motion for temporary release under 18 U.S.C. § 3142(i). Unfortunately, the parties do not mention section 3142(i) and have not briefed the applicable law or standards. It is not the Court's job to create briefs for the parties that appear before it. Indeed, "[t]he failure of a moving party to file points and authorities in support of the motion shall constitute consent to the denial of the motion."

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Jabari L. Marshall's Motion to Amend Conditions of Release (#220) is **denied without prejudice**.

DATED: March 26, 2013

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**